JUSTICE RICE,
concurring.
¶38 I agree with Justice Warner’s concurrence and offer these additional thoughts. The Court’s treatment of the PFO statutes is not a fair one. *408 The Court selectively quotes from §46-13-108(4), MCA, which provides that the accused must, after the PFO process has been completed, be sentenced as “provided by law.” Seizing upon this phrase in isolation, the Court then leaps to the conclusion that it could mean either the ASA or the PFO statutes, as both are “provided by law.” This is hardly a justifiable interpretation, which should be obvious for a fair reading of the entire PFO provision.
¶39 Section 46-13-108(1), MCA, instructs that “if the prosecution seeks treatment of the accused as a persistent felony offender,” the prosecutor must first give notice of that fact at or before the omnibus hearing. (Emphasis added.) Subsection 108(2) provides that the notice must specify the accused’s prior convictions. Subsection 108(3) provides that the court may conduct a hearing to determine if the allegations in the notice are true. Then, subsection (4) provides that “[i]f the judge finds any allegations of the prior convictions are true, the accused must be sentenced as provided by law.” (Emphasis added.)
¶40 This statute sets forth the PFO procedural process, initiated by a prosecutor who “seeks treatment of the accused as a PFO” and, upon completion, clearly leads to a mandatory sentence4;he accused “must be sentenced” as a PFO. The Court’s assertion that this PFO process leads to the ambiguous conclusion that an accused can be sentenced under any sentencing statute-and that a PFO sentence can then be rejected by the sentencing court-is untenable.
¶41 I concur in the result but dissent from the Court’s statutory interpretation.